UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| LETICIA VILLANUEVA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:09-CV-107-PPS-PRC |
| | ) | |
| FALCON CONSTRUCTION CO., INC., | ) | |
| JAMES ZAPPIA, and JUDY ZAPPIA, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff Leticia Villanueva's verified motion for default judgment against Defendants Falcon Construction Co., Inc., James Zappia and Judy Zappia [DE 19]. For the reasons discussed below, the motion is **GRANTED in part** and **DENIED in part**. Specifically, the Court **GRANTS** the motion as to liability against all Defendants, **GRANTS** the motion as to damages against Falcon, and **DENIES** the motion as to damages against James and Judy Zappia.

## BACKGROUND

This action arises under the Fair Labor Standards Act, 29 U.S.C. § 206 ("FLSA"), Indiana's Wage Payment Statute, IC § 22-2-5-1, *et seq.*, and Indiana's Wage Claims Statute, IC § 22-2-9-1, *et seq.* [DE 1]. This court has subject matter jurisdiction pursuant to Villanueva's FLSA claim, and supplemental jurisdiction over the Indiana statutory claims under 28 U.S.C. § 1367.

The Attorney General referred this claim to Villanueva's attorney, Mr. Weldy, on April 14, 2009, pursuant to IC § 22-2-9-4 [DE 19-1]. Claimants who proceed, as Villanueva does,

under the Wage Claims Statute may not file a complaint with the trial court before submitting the claim to the Indiana Department of Labor.  *Firestone v. Standard Mgmt. Corp.*, No. 1:04-cv-1223, 2005 WL 1606955, at *7 (S.D. Ind. Jul. 5, 2005) (citing *St. Vincent Hosp. & Health Care Center, Inc. v. Steele*, 766 N.E.2d 699, 705 (Ind. 2002)).  Neither Villanueva's complaint nor her motion for default states that she brought her Wage Claims Statute claim to the Department of Labor before filing suit.  But her motion for default attaches an April 14, 2009 letter from the Attorney General to her counsel, Mr. Weldy, authorizing Mr. Weldy to pursue Villanueva's claim against Falcon [DE 19-1].  IC § 22-2-9-4 authorizes the commissioner of the Department of Labor to "refer wage claims to the Attorney General, who may then initiate a civil action on behalf of the wage claimant or refer the wage claim to a private attorney."  *St. Vincent*, 766 N.E.2d at 705.  I therefore find that the Attorney General's letter shows that Villanueva properly submitted her Wage Claims Statute claim to the Department of Labor before filing her civil complaint.

Villanueva filed her complaint with this Court on April 17, 2009 [DE 1], seeking recovery from Falcon Construction Company, Inc., and its manager-operators James and Judy Zappia, for unpaid work she performed over the course of her employment with Falcon [*Id.*].  In her motion for default, Villanueva avers that Falcon failed to pay her minimum wages for the hours she worked between April 26, 2008 and September 26, 2008, when Falcon terminated her [DE 19 at 7-8].  Summonses were issued to each of the Defendants, and all were served by the Marshals Service on May 13, 2009 [DE 7-9].  To date, none of the Defendants has appeared or answered the complaint.

After the clerk made an entry of default under Rule 55(a), Villanueva filed her present

motion for default judgment [DE 19]. She asks the Court to order Falcon to pay (1) $8,000 in actual damages under the Wage Payment Statute; (2) $800 in actual damages under the Wage Claims Statute; and (3) $17,600 in liquidated damages, and $2,000 in attorneys' fees, pursuant to IC § 22-2-5-2 [*Id*. at 8-9]. She also asks the Court to order all Defendants to jointly and severally pay (1) $5,411.20 in unpaid wages; (2) $5,411.20 in liquidated damages, and (3) $2,000 in attorneys' fees, under Section 216 of the FLSA [*Id*.]. Villanueva has submitted an affidavit to prove damages in the form of her verified motion [*Id*. at 9]. She also has submitted an affidavit from her attorney regarding the attorneys' fees she seeks [DE 19-2.].

## DISCUSSION

Federal Rule of Civil Procedure 55 governs the entry of defaults and default judgments. *See Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 339 (7th Cir. 2004). Prior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a). *See Wolf Lake Terminals, Inc. v. Mut. Marine Ins. Co.,* 433 F. Supp. 2d 933, 941 (N.D. Ind. 2005). Under Rule 55(a), the clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend. Fed. R. Civ. P. 55(a).

Because the clerk has already entered a default against the Defendants in this case, this Court may now enter a default judgment under Rule 55(b)(2). But the Court exercises discretion in doing so. *See O'Brien v. R.J. O'Brien & Assocs., Inc.,* 998 F.2d 1394, 1398 (7th Cir. 1991). Among the factors the Court considers in resolving a motion for default judgment are whether there is a material issue of fact, whether the default is largely technical, whether the plaintiff was substantially prejudiced, and how harsh an effect a default judgment might have. *Wolf Lake*, 433

F. Supp. 2d at 941. Here, the grounds for default are clearly established, and there are few issues of material fact. Moreover, the default is not simply a technicality. This case has been pending for almost a year, and the Defendants have shown no intention of responding to the complaint in the over ten months since they were served. Plaintiff was working for minimum wage; so, she likely would be prejudiced by further delay in judgment. And the damages and fees she seeks are not exorbitant   So, the default judgment is not likely to be overly harsh on Defendants. All of these factors favor entry of a default judgment against Defendants.

A default judgment establishes, as a matter of law, that the Defendants are liable to Villanueva for each cause of action in the complaint. *E360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). Moreover, all well-pleaded allegations of Villanueva's complaint will be taken as true. *Id*. at 605. Accordingly, the Court takes as true Villanueva's allegations that Falcon failed to pay her wages all the hours she worked during the course of her employment.

Villanueva's damages allegations, and her assertions in her motion for default judgment relating to the amount of damages and fees, however, must be proven. *Yang v. Hardin*, 37 F.3d 282, 286 (7th Cir. 1994). Before the entry of default judgment, Rule 55(b)(2) provides that the district court may conduct such hearings or make referrals as it deems necessary and proper to determine the amount of damages. Fed. R. Civ. P. 55(b)(2). But such proceedings are unnecessary if "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *E360 Insight*, 500 F.3d at 602. Villanueva's and Mr. Weldy's affidavits are sufficiently detailed to render such a hearing unnecessary in this case.

**CALCULATION OF RECOVERY**

**I.      Villanueva's Recovery Under IC Section 22-2-5-2**

As an initial matter, Villanueva's Indiana statutory claim against Falcon arises only under the Wage Claims Statute, not the Wage Payment Statute. Villanueva was terminated by Falcon, and she did not bring this action until well after her termination date [DE 1]. By its terms, the Wage Payment Statute "only applies to current employees or those who voluntarily terminate their employment." *Harney v. Speedway SuperAmerica, LLC*, 526 F.3d 1099, 1104-5 (7th Cir. 2008); *St. Vincent*, 766 N.E.2d at 705. By contrast, "[t]he Wage Claims Statute references employees who have been separated from work by their employer and employees whose work has been suspended as a result of an industrial dispute." *Id.* Because Villanueva was terminated, her claim against Falcon arises only under the Wage Claims Statute. *See Harney*, 526 F.3d at 1104-5; *see also St. Vincent*, 766 N.E.2d at 705.

Because Villanueva's Wage Claims Statute claim was initiated by the Attorney General's designee, Mr. Weldy, she is entitled to a recovery from Falcon of her unpaid wages, along with liquidated damages and attorneys' fees, as set forth in IC § 22-2-5-2. *See* IC § 22-2-9-4(b) (authorizing the application of IC § 22-2-5-2's liquidated damages formula for calculating the penalty for an employer's violation of the Wage Claims Statute); *see also St. Vincent*, 766 N.E.2d at 705 (claimants whose lawsuits have been initiated by the Attorney General's designee are entitled to recover liquidated damages and attorney' fees as set forth in IC § 22-2-5-2); *Reel v. Clarian Health Partners, Inc.*, 873 N.E.2d 75, 77 (Ind. Ct. App. 2007) (same).

Villanueva is entitled to a recovery from Falcon in the amount of $8,800 in unpaid

5

wages.[1] Villanueva's averments establish that, between April 12, 2008 and September 26, 2008, she worked for Falcon for twenty-four weeks, for forty or more hours each week, at a salary of $400 per week [DE 19, ¶¶ 21-89]. Villanueva's 24 weeks of labor at $400 per week comes to $9,600. And Falcon paid her only $800 for this period [DE 19, ¶ 27]. So by Villanueva's averments, Falcon would owe her $8,800 in unpaid wages.

In addition to the $8,800 in unpaid wages, Villanueva is entitled to $17,600 in liquidated damages [DE 19, ¶¶ 94-95]. Under IC § 22-2-5-2, an employer that fails to make a timely payment of wages is liable for the unpaid wages in addition to mandatory liquidated damages in an amount equal to double the unpaid wages. *See Sallee v. Mason*, 714 N.E.2d 757, 764 (Ind. Ct. App. 1999); *Valadez v. R.T. Enterprises, Inc.*, 647 N.E.2d 331, 333 (Ind. Ct. App. 1995) ("the liquidated damages are mandatory"); *Stampco Constr. Co., Inc. v. Guffey*, 572 N.E.2d 510, 514 (Ind. Ct. App. 1991) ("We have interpreted IC § 22-2-5-2 to provide a penalty equal to double the unpaid wages in addition to the unpaid wages. The total maximum award may amount to three times the wages due.") (citations omitted).

Villanueva is also entitled to a recovery from Falcon in the amount of $2,000 in attorneys' fees. An employer is liable under IC § 22-2-5-2 for reasonable attorneys' fees sought in the collection of unpaid wages. IC § 22-2-5-2; *see also Sallee*, 714 N.E.2d at 764. Mr. Weldy represents that he has spent eight hours on this matter to date, at a rate of $250 per hour [DE 19-2]. After reviewing Mr. Weldy's affidavit, the Court finds that the $2,000 in total fees that

---

[1] As noted, Villanueva sought $8,000 in actual damages under the Wage Payment Statute and $800 in actual damages under the Wage Claims Statute. Because Villanueva's Wage Payment Statute claim is improper, the Court combines these sums and analyzes her request for the combined amount of unpaid wages, $8,800, solely under the Wage Claims Statute.

Villanueva seeks [DE 19, ¶ 114] – the lodestar amount – is reasonable and appropriate. *Cf. Mathur v. Bd. of Trs. Of S. Ill. Univ.*, 317 F.3d 738, 742 (7th Cir. 2003) (observing that lodestar amount is obtained by multiplying the number of hours an attorney reasonably worked on the litigation by a reasonable hourly rate); *Bankston v. State of Illinois*, No. 93 C 39, 1995 WL 609269, at *1 (N.D. Ill. 1995) (court should begin with lodestar amount in calculating reasonable attorneys' fees in context of FLSA claim).

Accordingly, Falcon is liable to Villanueva for unpaid wages ($8,800), liquidated damages ($17,600), and attorneys' fees ($2,000), for the sum total of $28,400.

## II. Villanueva's Recovery Under the FLSA

Villanueva also seeks a judgment holding all Defendants jointly and severally liable under the FLSA for $5,411.20 in unpaid wages, an equal amount ($5,411.20) in liquidated damages, and $2,000 in attorneys' fees, for the same failure to pay that gives rise to her Indiana statutory claim [DE 19, ¶¶ 111-12].

Villanueva is entitled to unpaid wages and an additional equal amount as liquidated damages under Section 216(b) of the FLSA. 29 U.S.C. § 216(b), *held unconstitutional on other grounds by Alden v. Maine*, 527 U.S. 706, 119 (1999); *see also Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 405 (7th Cir. 1999) (Section 216(b) sets the amount of liquidated damages as the amount of unpaid overtime compensation owed to the employee, plus an additional equal (doubled) amount.").

As an initial matter, Falcon is liable for these amounts under the FLSA, but James and Judy Zappia are not. Villanueva contends that James and Judy Zappia are employers within the meaning of the FLSA, and are therefore jointly and severally liable, along with Falcon, for her

7

damages [DE 1, ¶¶ 16-17; DE 19, ¶¶ 111-113]. This contention is not without merit. 29 U.S.C. § 203(d)'s definition of "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." Some courts have concluded from this definition that corporate officers with significant ownership interests and operational control of a corporation's day to day functions may be employers within the meaning of the FLSA, and thus personally liable for a corporation's failure to pay minimum wages. *See Donovan v. Agnew*, 712 F.2d 1509, 1514 (1st Cir. 1983); *McLaughlin v. Lunde Truck Sales, Inc.*, No. 86 C 20318, 714 F. Supp. 920, 923 (N.D. Ill. May 19, 1989) ("a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages.") (citation omitted); *Laborers Pension Fund v. Bakke Const. Co., Inc.*, No. 87 C 963, 1987 WL 19818, at *4 (N.D. Ill. Nov. 10, 1987) (same). Courts evaluating FLSA claims have found liable individuals occupying a range of corporate positions, including general managers, provided such individuals acted on behalf of the corporation to cause the violations. *See Dole v. Simpson*, 784 F. Supp. 538, 545 (S.D. Ind. 1991) (collecting cases).

Such holdings, however, are highly fact-sensitive and require a careful analysis of whether an individual exercised sufficient control to be personally liable. *See, e.g., id.* Villanueva has not made even conclusory allegations that the Zappias exercised the degree of control sufficient to be personally liable for Falcon's FLSA violations. Accordingly, the Court declines to impose personal liability at this time on James and Judy Zappia. Nothing in this order shall be construed to prevent Villanueva from refiling her motion seeking judgment against James and Judy Zappia personally if she is able to prove that either or both of the Zappias

8

exercised the necessary type of control over Falcon discussed above.

As for Falcon's FLSA liability, Villanueva has requested $2,948.40 (504 hours x $5.85/hr. = $2,948.40) in unpaid wages for the work she did for Falcon between April 26, 2008 and July 23, 2008 [DE 19, ¶¶ 107-8]. *See* 29 U.S.C. § 206(a)(1)(A). And she has requested $2,462.80 (376 hours x $6.55/hr. = $2,462.80) in unpaid wages for the work she did for Falcon between July 24, 2008 and September 26, 2008 [DE 19, ¶¶ 109-10]. These requests appear appropriate. *See* 29 U.S.C. § 206(a)(1)(B). Accordingly, Falcon is liable to Villanueva for a $5,411.20 in unpaid wages and an additional $5,411.20 in liquidated damages, for a total amount of $10,822.40. 29 U.S.C. § 216(b); *see also Uphoff*, 176 F.3d at 405.

Falcon is also liable under the FLSA for $2,000 in Villanueva's attorneys' fees. Villanueva is entitled to reasonable attorneys' fees sought in litigating her FLSA claim. 29 U.S.C. § 216(b) (providing for an award of reasonable attorneys' fees for litigating Section 206 action). As noted above, after reviewing Mr. Weldy's affidavit, the Court finds that the $2,000 in total fees that Villanueva seeks [DE 19, ¶ 114], the lodestar amount, is reasonable and appropriate.

Accordingly, Falcon is liable to Villanueva, under the FLSA, in the amount of $12,822.40 in unpaid wages, liquidated damages, and attorneys' fees under 29 U.S.C. § 216(b).

### III.  Villanueva Is Not Entitled to a Double Recovery.

Because Villanueva seeks relief under IC § 22-2-5-2 and the FLSA for the same underlying wrong, the Court must ensure that she does not receive a double recovery. *See Collins v. Kibort*, 143 F.3d 331, 339-40 (7th Cir. 1998) ("[T]he law abhors duplicative recoveries.") (citation and quotation marks omitted); *see also Volk v. Coler*, 845 F.2d 1422, 1436

(7th Cir. 1988) (plaintiff may not receive two recoveries for the same alleged wrongs). Villanueva's total recovery under the FLSA in unpaid wages, liquidated damages, and attorney's fees is $12,822.40. Villanueva's total recovery under IC § 22-2-5-2, for unpaid wages, liquidated damages, and attorney's fees, is $28,400. To avoid a double recovery, the Court finds Falcon liable to Villanueva for only the greater of these two amounts—*i.e.*, $28,400 in unpaid wages, liquidated damages, and attorneys' fees.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Verified Motion for Default Judgment [DE 19] as to liability against all Defendants, **GRANTS** the motion as to damages against Defendant Falcon Construction Co., Inc., and **DENIES** the motion as to damages against James Zappia and Judy Zappia. The Court **ORDERS** Defendant Falcon Construction Co., Inc. to pay Plaintiff **$28,400** in unpaid wages, liquidated damages, and attorneys' fees.

**SO ORDERED**.

ENTERED: April 14, 2010

/s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT