UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LETICIA VILLANUEVA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:09-CV-107-PPS-PRC |
| ) | |
| FALCON CONSTRUCTION CO., INC., ) | |
| JAMES ZAPPIA, and JUDY ZAPPIA, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Plaintiff Leticia Villanueva worked for several months for James and Judy Zappia but was never paid for her services. In this action under the Fair Labor Standards Act, she seeks full compensation from the Zappias. Although the Zappias were properly served, they did not respond to the lawsuit. Villanueva now seeks a default judgment against both of them. (DE 22). For the reasons discussed below, the Court **GRANTS** the motion as to James Zappia, but **DENIES** it as to Judy Zappia.

**BACKGROUND**

This action arose initially under the Fair Labor Standards Act, 29 U.S.C. § 206, Indiana's Wage Payment Statute, IC § 22-2-5-1, *et seq.*, and Indiana's Wage Claim Statute, IC § 22-2-9-1, *et seq.* (DE 1). In her April 17, 2009 complaint, Villanueva sought recovery from Falcon Construction Company, Inc., and its manager-operators, James and Judy Zappia, for unpaid wages. (DE 1). Summonses were issued to each of the Defendants, and all were properly served. (DE 7–9). To date, none of the Defendants has appeared or answered the complaint.

After the clerk made an entry of default under Rule 55(a), Villanueva filed her First

Verified Motion for Default Judgment. (DE 19). In her motion, Villanueva claimed that Falcon failed to pay her either her negotiated salary or minimum wages for the hours she worked between April 26, 2008 and September 26, 2008, when Falcon terminated her. (DE 19 at 7–8). I entered default judgment finding Falcon liable to Villanueva under the Indiana Wage Claims Statute for unpaid wages ($8,800), liquidated damages ($17,600), and attorneys' fees ($2,000), for the sum total of $28,400. (DE 20 at 7). I also found Falcon liable to Villanueva under the FLSA, but for a lesser amount. Because the damages under the Indiana Wage Claim statute were higher than under the FLSA, to avoid a double recovery, I entered Judgment against Falcon for the higher of the two amounts – *i.e.,* $28,400 from the state claim.

As to Defendants James and Judy Zappia, Villanueva also sought a judgment holding them jointly and severally liable under FLSA for unpaid wages ($5,411.20), liquidated damages ($5,411.20), and attorneys' fees ($2,000), for a total of $12,822.40. While I noted that the claim had some merit (DE 20 at 8–9), I declined to impose personal liability on the Zappias because Villanueva failed to prove that either of them exercised the necessary type of control over Falcon to be "employers" under the FLSA who could be held jointly and severally liable as Villanueva requested.

Villanueva thus filed a Second Verified Motion for Default Judgment, along with her sworn statement that provides additional facts about the control that each of the Zappias exercised over Falcon. (DE 22). That is the motion that is presently before me. In light of this new information, I will now once again consider whether to enter default judgment against James Zappia and Judy Zappia.

2

**DISCUSSION**

Federal Rule of Civil Procedure 55 governs the entry of defaults and default judgments. *See Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 339 (7th Cir. 2004). Prior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of default by the clerk as provided by Rule 55(a). Under Rule 55(a), the clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend. Fed. R. Civ. P. 55(a). Because the clerk has already entered a default against Defendants James and Judy Zappia, I may now use my discretion to enter a default judgment under Rule 55(b)(2). *See Silva v. City of Madison*, 69 F.3d 1368, 1377 (7th Cir. 1995).

A default judgment establishes, as a matter of law, that the defendant is liable to the plaintiff for each cause of action in the complaint. *E360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). Moreover, all well-pleaded allegations of the complaint will be taken as true. *Id.* at 605. Accordingly, I accept Villanueva's allegations that James and Judy Zappia failed to pay her wages for all the hours she worked during the course of her employment at Falcon.

Villanueva's assertions in her motion relating to the amount of damages and fees, however, must be proven. *Yang v. Hardin*, 37 F.3d 282, 286 (7th Cir. 1994). Before the entry of default judgment, Rule 55(b)(2) provides that the district court may conduct such hearings or make referrals as it deems necessary and proper to determine the amount of damages. Fed. R. Civ. P. 55(b)(2). But such proceedings are unnecessary if "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *E360 Insight*, 500 F.3d at 602 (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)). Villanueva's affidavit and the

affidavit from her attorney are sufficiently detailed to render such a hearing unnecessary in this case.

Villanueva seeks a judgment holding both James and Judy Zappia jointly and severally liable under the FLSA for $5,411.20 in unpaid wages, an equal amount ($5,411.20) in liquidated damages, $2,000 in attorneys' fees through February 18, 2010, and $700 in attorneys' fees from February 19, 2010 through September 23, 2010. (DE 22, ¶¶ 100–01, 104–05). Villanueva is entitled to unpaid wages and an additional equal amount as liquidated damages under Section 216(b) of the FLSA. 29 U.S.C. § 216(b); *see also Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 405 (7th Cir. 1999) ("[Section 216(b)] sets the amount of liquidated damages as the amount of unpaid overtime compensation owed to the employee, plus an additional equal (doubled) amount.").

Villanueva supports her claim against both James and Judy Zappia by arguing that each is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d). (DE 22, ¶ 37). I previously declined to impose personal liability upon James and Judy Zappia because Villanueva did not prove that the Zappias exercised control over Falcon sufficient to qualify them as "employers" under the FLSA. (DE 20 at 8). Villanueva offers additional facts in her renewed motion regarding the level of control exercised by the Zappias at Falcon. (DE 22, ¶¶ 16–36).

29 U.S.C. § 203(d) defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." Based on this definition, corporate officers with significant ownership interests and operational control of a corporation's day to day functions may be employers within the meaning of the FLSA and thus personally liable for a corporation's failure to pay minimum wages. *See Donovan v. Agnew*, 712 F.2d 1509, 1514 (1st Cir. 1983); *McLaughlin v. Lunde Truck Sales, Inc.*, 714 F. Supp. 920, 923 (N.D. Ill. 1989)

4

(quoting *Donovan*, 712 F.2d at 1510) ("[A] corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages."); *Laborers Pension Fund v. Bakke Const. Co., Inc.*, No. 87 C 963, 1987 WL 19818, at *4 (N.D. Ill. Nov. 10, 1987) (same). Courts evaluating FLSA claims have found liable individuals occupying a range of corporate positions, including general managers, provided such individuals acted on behalf of the corporation to cause the violations. *See Dole v. Simpson*, 784 F. Supp. 538, 545 (S.D. Ind. 1991) (collecting cases).

As might be expected, this is a fact-sensitive inquiry requiring an analysis of the economic realities of the situation and the totality of the circumstances. *Id.* Most courts look to an individual's involvement in "the compensation of employees, the hiring or firing of employees, or other matters 'in relation to an employee.'" *Olivas v. Little Havana Check Cash, Inc.*, 324 Fed. Appx. 839, 845 (11th Cir. 2009) (citing *Patel v. Wargo*, 803 F.2d 632, 637–38 (11th Cir. 1986)); *see also Boucher v. Shaw*, 572 F.3d 1081, 1091 (9th Cir. 2009) (discussing cases that considered the hiring and firing power of an individual as well as his or her power to determine salaries and responsibility for maintenance of employment records, such as work schedules and payroll); *Morgan v. SpeakEasy, LLC*, 625 F. Supp. 2d 632, 653 (N.D. Ill. 2007); *Freemon v. Foley*, 911 F. Supp. 326, 331 (N.D. Ill. 1995) (FLSA applies where individual "possesses control over the aspect of employment alleged to have been violated."); *Braddock v. Madison County*, 34 F. Supp. 2d 1098, 1107 (S.D. Ind. 1998).

Villanueva makes several conclusory allegations about the roles of James Zappia and Judy Zappia in the management and operation of Falcon. She indicates that both Mr. and Mrs. Zappia managed and operated Falcon and that both Defendants were owners of the company. (DE 22, ¶¶ 16–17, 26–27). Status as a corporate officer, however, is not sufficient proof of

5

"employer" status to support a finding of liability. *Olivas*, 324 Fed. Appx. at 845. Beyond this, Villanueva alleges different facts as to each individual Defendant. Therefore, I will examine the liability of each James and Judy Zappia separately.

### A. Liability of James Zappia

Villanueva asserts that James Zappia managed the day to day operations of Falcon. (DE 22, ¶ 18). She states that he hired her, negotiated her compensation, calculated Falcon payroll, and dealt directly with her regarding payroll concerns. (DE 22, ¶¶ 19–22). Villanueva also indicates that she asked James Zappia about when she would be paid to which he responded, "when Falcon had sufficient funds." (DE 22, ¶ 23). Villanueva further contends that James Zappia was partly responsible for determining how Falcon funds were spent and whether her wages would be paid. (DE 22, ¶¶ 24–25).

These facts are enough to prove that James Zappia is an "employer" under the FLSA. He controlled the employment relationship with Villanueva on a daily basis. And by failing to pay Villanueva the wages due her, James Zappia violated the FLSA's minimum wage provision. Consequently, James Zappia is liable to Villanueva for $5,411.20 in unpaid wages and an additional $5,411.20 in liquidated damages, for a total amount of $10,822.40. 29 U.S.C. § 216(b); *see also Uphoff*, 176 F.3d at 405.

James Zappia is also liable under the FLSA for Villanueva's attorneys' fees totaling $2,700. *See* 29 U.S.C. § 216(b). I already found $2,000 of Mr. Weldy's fees to be reasonable and appropriate in my Order of Default Judgment against Falcon. (DE 20 at 9). Upon review of Mr. Weldy's most recent affidavit, the Court finds that the additional $700 in fees that Villanueva seeks (DE 22, ¶ 105), the lodestar amount, is also appropriate and reasonable.

Therefore, James Zappia is liable to Villanueva, under the FLSA, in the amount of $13,522.40 in unpaid wages, liquidated damages, and attorneys' fees under 29 U.S.C. § 216(b).

### B.     *Liability of Judy Zappia*

The analysis for Judy Zappia is different.  Villanueva claims that Judy Zappia received paychecks from Falcon during the time that Villanueva was employed by Falcon and was not being paid.  (DE 22, ¶¶ 30–31).  She also attests to hearing conversations between James and Judy Zappia regarding Falcon business matters, money collected by the company, and plans for spending company funds.  (DE 22, ¶¶ 32–34).  Villanueva states that Judy Zappia, like James Zappia, was partly responsible for determining how Falcon funds were spent and whether her wages would be paid.  (DE 22, ¶¶ 35–36).  But Villanueva does not allege that Judy Zappia had the power to hire or fire employees, determine salaries, or maintain company employment records.  As a result, Villanueva's claims are insufficient to establish that Judy Zappia had significant control over Falcon's employment relationship with her, or any Falcon employee for that matter.  Therefore, Judy Zappia is not an "employer" as defined in 29 U.S.C. § 203(d) and is not jointly and severally liable for Villanueva's unpaid wages.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Second Verified Motion for Default Judgment (DE 22) as to joint and several liability against James Zappia and **GRANTS** the motion as to damages against James Zappia.  The Court **DENIES** the motion as to joint and several liability against Judy Zappia and **DENIES** the motion as to damages against Judy Zappia.  The Court **ORDERS** Defendant James Zappia to pay Plaintiff **$13,522.40** in unpaid wages, liquidated damages, and attorneys' fees.

**SO ORDERED**.

ENTERED:  March 24, 2011

                                                s/ Philip P. Simon
                                                PHILIP P. SIMON, CHIEF JUDGE
                                                UNITED STATES DISTRICT COURT